UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-338-H

ISAAC HARRIS                                                                                                    PLAINTIFF

v.

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, et al.,                                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Isaac Harris ("Harris"), brought this suit against the Louisville-Jefferson County Metro Government ("Metro Government"), the Louisville Metro Police Department ("LMPD"), Officer David Hall ("Hall"), unknown officers, Sanh V. Nguyen ("Nguyen"), and SNT Holdings seeking damages for alleged federal constitutional violations and state law tort claims. The claims stem from events leading to Harris's arrest for passing counterfeit bills, a search of his home, spending a day in jail, and the subsequent dismissal of the charges against him. The Metro Government, LMPD, and Hall have together filed a partial motion to dismiss. Fed. R. Civ. P. 12(b)(6). For the reasons explained below, the motion will be sustained in part and denied in part.

I.

When reviewing a defendant's motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations, but not legal conclusions, as true. *E.g.*, *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2006); *see also Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).

Harris alleges that on September 7, 2010 he attempted to purchase groceries at Thang-Long Grocery and Beer in Louisville, but Nguyen, the store owner, would not accept his cash, claiming it was counterfeit. Harris insisted the cash was not counterfeit and called the police to resolve the conflict. Officers of the LMPD, including Hall, responded to the call, spoke with Nguyen and Harris, then placed Harris in handcuffs and in a police cruiser. The officers drove to Harris's house, searched it without consent, and confiscated approximately $265 in cash from his house and person. Harris was charged with three counts of Criminal Possession of a Forged Instrument in Jefferson District Court, Case No. 10-F-009907. The confiscated bills were later determined to be legitimate United States currency. The criminal charges against Harris were dismissed without prejudice on September 28, 2010.

II.

Defendants raise four arguments in their partial motion to dismiss. First, Defendants note that LMPD is not an entity capable of being sued and should be dismissed as a party to this lawsuit. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The parties agree that Metro Government is the proper defendant.

Defendants next argue the "Fifth Amendment claims" in the Complaint must be dismissed because the Fifth Amendment "circumscribes only the actions of the federal government." Def. Partial Mot. to Dismiss 5 (citing *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000)). Harris has pleaded three separate counts under 42 U.S.C. § 1983, which provides a private right of action for violations of federal constitutional rights by state actors, including specific protections from the Bill of Rights incorporated by the Fourteenth

2

Amendment's Due Process Clause. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Each of Plaintiff's § 1983 counts alleges violations of the Fourth and Fourteenth Amendments, and two counts also allege violation of the Fifth Amendment. Plaintiff essentially concedes the Fifth Amendment is not the basis of his § 1983 claims. However, including the Fifth Amendment does not render defective his claims that are otherwise adequately pleaded. Dismissal of these counts is not warranted.

Defendants next argue that sovereign immunity requires dismissal of the state law tort claims in Counts IV through X of the Complaint. Metro Government is a "consolidated local government" and enjoys "the same sovereign immunity granted counties." Ky. Rev. Stat. Ann. § 67C.101(2)(e) (Lexis 2010). Plaintiff argues the Kentucky legislature waived immunity for certain claims in the Claims Against Local Governments Act ("CALGA"), Ky. Rev. Stat. § 65.200, but the Kentucky Supreme Court has already rejected this argument. *Schwindel v. Meade Cnty.*, 113 S.W.3d 159, 165 (Ky. 2003) (finding General Assembly did not alter counties' immunity, as no language in CALGA expressly waives or gives an overwhelming implication of waiver). Although Plaintiff contends CALGA gives counties only governmental immunity rather than sovereign immunity, the *Meade* court held that those terms were used interchangeably in the statute.[1] *Id.* Sovereign immunity extends to persons sued in their official capacities. *Id.* at 169. Thus, Counts IV through X should be dismissed as against Metro

---

[1] Some Kentucky case law at the time of CALGA's enactment used "governmental immunity" and "sovereign immunity" interchangeably. *Meade Cnty.*, 113 S.W.3d at165; *see also Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). Only after CALGA became law did the Kentucky Supreme Court clarify the terms represented different types of immunity. Since only clear statutory language can effect a waiver of immunity, the mere use of "governmental" instead of "sovereign" in a subsection of CALGA could not waive any part of a county's immunity.

Government and Hall in his official capacity.[2]

III.

Finally, Metro Government argues Harris stipulated in the underlying criminal action that probable cause existed for his arrest and that the stipulation should have three consequences in this lawsuit: (1) dismissal of Counts I through IV and VI through X as a matter of collateral estoppel; (2) dismissal of the malicious prosecution and abuse of process claims for lack of an essential element of those claims; and (3) dismissal of the § 1983 claims insofar as they are premised on a malicious prosecution theory under the Fourth Amendment.

Harris contends that Metro Government's argument fails because it relies on a fact outside of the pleadings that the parties dispute. *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989) (noting matters outside pleadings not to be considered on motion to dismiss). Metro Government attached as an exhibit to its motion a photocopy of handwritten notes, presumably made by the state prosecutor handling Harris's criminal case, indicating, among other things, that the charges were dismissed without prejudice and with a stipulation as to probable cause. Generally, a court's consideration of matters outside the pleadings converts a motion to dismiss into a summary judgment motion. *See, e.g.*, *Mays v. Buckeye Rural Elec. Co-op, Inc.*, 277 F.3d 873, 877 (6th Cir. 2002). However, documents a defendant attaches to its motion are part of the pleadings if the plaintiff's complaint refers to them and they are central to the claims. *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir 1997) (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)).

---

[2] The parties have not briefed the issue of whether the doctrine of qualified immunity protects Hall from Harris's claims against him in his individual capacity, as that defense has not been raised. *See, e.g.*, *Yanero,* 65 S.W. 3d at 522 ("Qualified official immunity is an affirmative defense that must be specifically pled").

Here, the Complaint refers to the underlying state criminal case and that it was dismissed without prejudice. Compl. 9. The criminal case is certainly "central" to Plaintiff's claims. Defendants could fairly incorporate documentation of that criminal case as part of the pleadings without converting their motion to dismiss into a motion for summary judgment. Likewise, the Court may appropriately consider the transcript of the September 28, 2010 hearing and an affidavit by Harris's public defender at that hearing. Those documents indicate Harris's lawyer stipulated to probable cause without consultation or consent from Harris, a fact this Court must accept as true at the motion-to-dismiss stage of the litigation.

Metro Government has not shown that, as a matter of law, a stipulation of probable cause entered without a criminal defendant's permission can collaterally estop or otherwise defeat a subsequent action for malicious prosecution, abuse of process, or other claims. To be sure, courts applying Kentucky law have barred malicious prosecution claims due to stipulations of probable cause entered in the underlying criminal actions. *See, e.g.*, *Broaddus v. Campbell*, 911 S.W.2d 281 (Ky. Ct. App. 1995) *and Pennington v. Dollar Tree Stores, Inc.*, 28 F. App'x 482, 486 (6th Cir. 2002) (citing *Broaddus*). But in those cases the defendants did not contest that they made the stipulations. Instead, they argued unsuccessfully that the stipulations should only be effective as to the government, not complaining witnesses. Consent to the stipulation was not an issue in *Broaddus* and *Pennington* the way it is an issue in this case. *See Broaddus*, 911 S.W. 2d at 284 (noting no allegation that stipulation was result of coercion or overreaching) *and Pennington*, 28 F. App'x at 487 (quoting record of criminal case in which Pennington stipulates to probable cause under oath).

Consequently, Kentucky law does not support granting Metro Government's motion to

dismiss on the basis of a stipulation of probable cause entered without Harris's consent. The Court will consider the matter again after all the facts are clearer.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Metro Government's partial motion to dismiss is SUSTAINED in part and DENIED in part, and

IT IS FURTHER ORDERED that the Louisville Metro Police Department is DISMISSED as a defendant.

IT IS FURTHER ORDERED that Counts IV through X are DISMISSED as against Louisville-Jefferson County Metro Government and Officer David Hall and unknown officers in their official capacities. Those counts remain against Officer David Hall and unknown officers in their individual capacities.

IT IS FURTHER ORDERED that the motion to dismiss claims for malicious prosecution and abuse of process as to all Defendants is DENIED.

IT IS FURTHER ORDERED that the motion to dismiss claims under 42 U.S.C. § 1983 is DENIED.

cc:     Counsel of Record